IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | 8:96CR149 |
| Plaintiff,   ) | |
| ) | MEMORANDUM AND ORDER |
| vs.   ) | |
| ) | |
| APOLONIO MORENO,   ) | |
| ) | |
| Defendant.   ) | |

Before the court is filing no. 347, the "Petition for the United States District Court for the District of Nebraska to Recall and/or Void Judgment ...." filed by the defendant, Apolonio Moreno.  The defendant has previously filed several Motions to Vacate, Reduce or Modify Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 motions").  In the present motion, however,  the defendant bases filing no. 347 on Fed. R. Civ. P. 60(b)(4), (5) or (6).

Nevertheless, filing no. 347 has all the indicia of a § 2255 motion.  The defendant asserts that the judgment reflecting his most recently imposed sentence is infirm and lacks integrity in light of the principles expressed in Blakely v. Washington, 124 S. Ct. 2531 (2004) and (presumably, although not stated) United States v. Booker, 125 S. Ct. 738 (2005).  In Blakely v. Washington, 124 S. Ct. 2531 (2004), the United States Supreme Court extended Apprendi v. New Jersey, 530 U.S. 466 (2000), to strike down part of Washington State's sentencing scheme in which a judge could impose an enhanced sentence on the basis of judicially determined facts.  In United States v. Booker, 125 S. Ct. 738 (2005), the Court extended Blakely to the federal sentencing scheme which made

1

the guidelines mandatory, and the Court prohibited upward guidelines adjustments based on judicial fact-finding.

In the above-entitled case, the defendant's sentence is final; all direct appeals have been exhausted, and any challenge to the sentence at this point amounts to a collateral attack. Every Circuit Court of Appeals to consider the issue has concluded that Blakely and Booker do not apply retroactively on collateral review. See Cirilo-Munoz v. United States, 2005 WL 858324, *6 (1st Cir. Apr. 15, 2005); In re Olopade, 2005 WL 820550, *4 (3d Cir. April 11, 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005).

This court agrees with the reasoning recently expressed by the First Circuit Court of Appeals in Cirilo-Munoz v. United States, 2005 WL 858324, *6 (1st Cir. Apr. 15, 2005):

> Realistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987. This would comprise tens of thousands of sentences imposed under a regime whose lawfulness was assumed during most of this period. If such a vast reopening of final judgments is required, it must await a decision of the Supreme Court. Certainly Booker itself does not give any clear hint that retroactive effect is intended.

Therefore, in the absence of a decision by the United States Supreme Court or the Eighth Circuit Court of Appeals permitting collateral attack on a sentence on the basis of the principles expressed in Blakely or Booker, this court will not entertain a motion of the same or similar effect. Filing no. 347, the "Petition for the United States District Court for

the District of Nebraska to Recall and/or Void Judgment ...." filed by the defendant, Apolonio Moreno, is denied.

    SO ORDERED.

    DATED this 5th day of May, 2005.

                      BY THE COURT:

                        s/ Joseph F. Bataillon
                        JOSEPH F. BATAILLON
                        Chief District Judge