IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:96cr149 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | (appeal) |
| APOLONIO MORENO, ) | |
| ) | |
| Defendant. ) | |

    This matter is before the court on filing no. 349, the Notice of Appeal filed by the defendant, Apolonio Moreno, who appeals filing no. 348, the Memorandum and Order in which I denied his "Petition for the United States District Court for the District of Nebraska to Recall and/or Void Judgment ...." (filing no. 347). Also before me is filing no. 350, a Memorandum from the Clerk of Court requesting a decision as to whether the defendant may proceed in forma pauperis ("IFP") on appeal.

    The defendant has not filed a motion to proceed IFP on appeal, an affidavit, or a certified copy of his inmate trust account for the six months preceding the Notice of Appeal. In addition, a district court must certify in writing whether an appeal is taken in good faith. 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Fed. R. App. P. 24(a)(3).[1]

    If a district court determines that an appeal is not taken in good faith, the court shall, pursuant to Fed. R. App. P. 24(a)(2), state the reasons in writing. Upon consideration of the record in this action, I find that the defendant's appeal is not taken in good faith. I denied the defendant's "Petition for the United States District Court for the District of Nebraska to Recall and/or Void Judgment ...." for the following reasons (see filing no. 348):

---

[1] Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis ....
(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, **unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith** or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

(Emphasis added.)

Filing no. 347 has all the indicia of a § 2255 motion. The defendant asserts that the judgment reflecting his most recently imposed sentence is infirm and lacks integrity in light of the principles expressed in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) and (presumably, although not stated) <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) ....

In the above-entitled case, the defendant's sentence is final; all direct appeals have been exhausted, and any challenge to the sentence at this point amounts to a collateral attack. Every Circuit Court of Appeals to consider the issue has concluded that <u>Blakely</u> and <u>Booker</u> do not apply retroactively on collateral review ....

Therefore, in the absence of a decision by the United States Supreme Court or the Eighth Circuit Court of Appeals permitting collateral attack on a sentence on the basis of the principles expressed in <u>Blakely</u> or <u>Booker</u>, this court will not entertain a motion of the same or similar effect.

I consider the appeal frivolous. See <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit"). Because the appeal is not taken in good faith, the defendant does not qualify to proceed IFP on appeal under Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3). Therefore, by June 15, 2005, the defendant shall pay the $255 appellate filing fees to the Clerk of the District Court.

In the event that a Certificate of Appealability is required because the defendant's "Petition for the United States District Court for the District of Nebraska to Recall and/or Void Judgment ...." is a disguised § 2255 motion, I deny a Certificate of Appealability. The defendant has not made a "substantial showing of the denial of a federal right." See 28 U.S.C. § 2253(c)(2).

However, the plaintiff may seek a different ruling from the Court of Appeals. For example, if a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of Court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. <u>Id</u>.

THEREFORE, IT IS ORDERED:

1.  That the defendant may not proceed in forma pauperis on appeal because his appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3) and Fed.

R. App. P. 24(a)(3);

2.     That, in the event 28 U.S.C. § 2253(c)(2) applies to this appeal, a Certificate of Apealability is denied;

3.     That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit as notice that the plaintiff has been denied IFP status on appeal; and

4.     That, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days after service of this Memorandum and Order to file a Motion for Leave to Proceed In Forma Pauperis with the Eighth Circuit.

DATED this 26th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief District Judge