IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:96CR149 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| APOLONIO MORENO, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on claimant Guadalupe Dorado's (formerly Moreno, hereinafter "Dorado") petition in opposition to the preliminary order of forfeiture, Filing No. 179, pursuant to 21 U.S.C. § 853(n)(6). After a hearing conducted in this case and a review of the relevant evidence and case law, the court concludes that Dorado is entitled to one-half interest in the residence at issue in this forfeiture.[1]

BACKGROUND

Defendant Apolonio Moreno and Dorado married in 1979. A jury found Moreno guilty of drug charges and of a forfeiture charge pursuant to a superseding indictment in 1998. On February 13, 1997, the government filed a lis pendens on the property in question in this lawsuit. Ex. 2. On April 30, 1999, an order was entered by United States District Judge Thomas Shanahan forfeiting Moreno's interest in several pieces of property. The United States Marshall published notice of such forfeiture. In response, Dorado filed

---

[1] The court wishes to note, however, the unbelievable travesty that has occurred in this case. From all appearances, Ms. Dorado is completely innocent of any criminal activities related to the facts of this case. Yet, the government has chosen to proceed with forfeiture against her and her two children, one of which is still a minor. Ms. Dorado and her children have lived in this home for most of their lives. As set forth in this opinion, they have made substantial monetary contributions and payments for the purchase and maintenance of their home. I suspect that when all is said and done, the government will net very few dollars on this forfeiture, but Ms. Dorado and her children will be homeless. I am unsure how any of us can walk away from this case feeling like justice has been served.

a claim. The property in question is the residence of Dorado located at 3923 "S" Street. Thereafter, the Clerk of Court transferred this case to the docket of Judge Laurie Smith Camp. Following her recusal from the case, the Clerk fo Court transferred the case to my docket. Filing No. 329. It is this claim to the "S" Street property that is now before the court.

On or about July 12, 2004, the court conducted a hearing on Ms. Dorado's objection to the forfeiture. Ms. Dorado testified that her husband purchased the property in question in 1978. In 1979 the parties married. At the time of the marriage, her name did not appear on the title to the property. Dorado testified that prior to her marriage she sold a piece of real estate in Mexico and received approximately $2,500 for the sale. She gave this money to her husband for payments on the house. She further testified that she worked during the marriage and used her paychecks to make house payments and house improvements. In the early 1980s the parties paid off the house. Moreno and Dorado took out a second loan in both of their names, which they paid off in about 1992. Dorado also paid off a later loan on this house. Norwest Banks issued a deed of reconveyance in the names of both Moreno and Dorado on September 9, 1992. Exhibit 6.

Dorado has lived in this house for approximately twenty-five years. She and Moreno have two children, ages 22 and 13. They have both lived in this home for most of their lives. Olga Moreno, the 22-year-old daughter of Moreno and Dorado, testified at this hearing. She is employed by Commercial Federal and gives money to her mother for the upkeep of the house and care of the younger brother. She also teaches violin lessons and contributes that money as well. Further, she is paying her own way through college. She has paid the real estate taxes on the house for the last few years as well as the homeowner's insurance. It is uncontested that Dorado and her children knew nothing

about any drug activity on the part of Moreno. The government concedes that these three are innocent of any knowledge in that regard. The government further concedes that this was the marital property of Moreno and Dorado.

Following the arrest of Moreno, Dorado filed for divorce on June 19, 1998. Ex. 4. On July 1, 1999, a Nebraska state district court judge granted the divorce and awarded Dorado custody of the minor children and title to the house in question in this lawsuit. Ex. 3. The government contends that any legal interest acquired by Dorado occurred after the filing of the lis pendens. Therefore, urges the government, she has no right to any part of the property. The court disagrees.

## DISCUSSION

The government argues that any legal interest Dorado has in the house is invalid, because it would have arisen after the filing of the lis pendens. Dorado received complete ownership in 1999, and the government alleges that prior to July 1, 1999, Moreno did not have any ownership rights. However, the court believes it is obvious that Dorado had a property interest prior to the arrest of her then-husband.

The lis pendens provides notice of the potential existence of a claim to the property. Neb. Rev. Stat. § 25-531. Further, Nebraska recognizes that both married persons necessarily have a right in their homesteads. Neb. Rev. Stat. § 40-104. In accordance with Neb. Rev. Stat. § 42-366(8), the court carried out an equitable division of the marital property which gave title to Dorado in her name only, as the state court clearly considered it marital property and an ownership interest.

Although her name did not appear on the initial deed, Dorado's name did appear on the deed of reconveyance issued by Norwest Bank, which reconveyed the property to Apolonio and Guadalupe Moreno on September 9, 1992. Ex. 6. The reconveyance alone

would stand as proof that Guadalupe had a one-half interest in the home existing at least four years prior to the issuance of the lis pendens. Furthermore, the title given to her in the divorce hearing by the state court judge served as an equitable distribution of marital property. The house could not have been given to her in the action for dissolution, if the court did not deem it to be marital property. The interest cannot be affected by the lis pendens or the criminal forfeiture statute, because criminal forfeiture is an in personam action, affecting only the named defendant Apolonio Moreno. *See United States v. Totaro*, 345 F.3d 989, 993 (8th Cir. 2003).

Therefore, the court concludes that Guadalupe Dorado owned at least fifty percent of the "S" Street location prior to 1996, and that as a result, any governmental interest cannot exceed the fifty percent owned by Moreno. The court concludes that Dorado is entitled to fifty percent of the fair market value of the property on "S" Street, plus the value of any capital improvements she made from the time the government filed the lis pendens until the time of sale. The government shall provide Dorado with a copy of the appraisal showing the fair market value of the home. Dorado shall supply the government with an itemized list of capital improvements and the costs of these improvements.

THEREFORE, IT IS ORDERED that forfeiture is granted as set forth herein.

Dated this 3rd day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
United States District Judge